NO. 07-08-0107-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2008
______________________________

VICTOR CASARES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15944-0503; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ. 
MEMORANDUM OPINION
           Pending before this Court is appellant’s motion to dismiss his appeal. Appellant and
his attorney both have signed the motion. Tex. R. App. P. 42.2(a). No decision of this
Court having been delivered to date, we grant the motion. Accordingly, the appeal is
dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith.
                                                                           James T. Campbell

                                                                                   Justice



Do not publish.



This is so because by securing
retained counsel, the appellant has received all that Anders was designed to insure. 
Rivera v. State, 130 S.W.3d at 458. Nonetheless, like their counterparts who have been
appointed, retained counsel also have an ethical obligation to refuse to pursue a frivolous
appeal. Id. So, when counsel encounters such an appeal, he must inform the appellate
court of it and seek leave to withdraw in compliance with Rule 6.5 of the Texas Rules of
Appellate Procedure. Id. Then, we need only address whether counsel complied with that
rule. Id. 
          Here, appellant’s retained counsel has told us that he reviewed the appellate record
and discovered no arguable ground for reversal. Moreover, the motion to withdraw that he
filed discloses current deadlines and settings, the party’s name and last known address
and telephone number, a statement that a copy of the motion was delivered to the party,
and a statement that the party was notified in writing of the right to object to the motion, as
required by Rule 6.5. Tex. R. App. P. 6.5(a). In response to this motion, we sent appellant
a letter informing him of his attorney’s representation about the frivolousness of the appeal
and the pending motion to withdraw. So too did this court tell appellant, via the same letter,
that he had the opportunity to respond to the brief and motion by November 5, 2008, and
review the record if he should care to respond. The letter was addressed to appellant’s last
known address. To date, we have heard nothing from him; this may be because the letter
was returned as undeliverable “as addressed” and “unable to forward.” 
          The situation before us is unlike one where no appellant’s brief has been filed for
one has been. So, we are not bound by the prohibitions of Rule 38.8(b)(3) of the Texas
Rules of Appellate Procedure. Rivera v. State, 130 S.W.3d at 459 (stating that rule 38.8(b)
generally prohibits an appellate court from dismissing or considering an appeal simply
because no appellant’s brief was filed, but it was not designed to protect a non-indigent
appellant from retained counsel’s determination that the appeal is without merit). 
Moreover, we know of no rule that obligates us to retain on our docket an appeal which
appellant has represented, through his hired attorney, as frivolous simply because the
appellant failed to respond to his attorney’s motion to withdraw or the brief that the attorney
filed. Yet, in the interest of justice we undertook an independent review of the appellate
record to determine whether the representation regarding the frivolousness of the appeal
was accurate. In doing so, we too uncovered no arguable issue warranting reversal.
          Accordingly, we affirm the trial court’s judgment and grant the pending motion to
withdraw. So too do we direct David Martinez, appellant’s previously retained counsel, to
mail to appellant, via first class mail, and addressed to his last known address, a copy of
this opinion on or before December 5, 2008. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Publish.